**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| KHALID AWAN,<br>    ID # 50959-956,<br>        Plaintiff,<br>vs.<br><br>WARDEN D.J. HARMON, et al.,<br>        Defendants. | )<br>)<br>)<br>)    No. 3:17-CV-130-C (BH)<br>)<br>)<br>)    Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the plaintiff's *Application to Proceed in Forma Pauperis,* filed January 12, 2016 (doc. 5). Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I. BACKGROUND**

On January 12, 2016, Khalid Awan (Plaintiff), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), filed a civil rights complaint against prison officials. (docs. 3, 4 at 1-8.)[1] He alleges the defendants were deliberately indifferent to civil rights violations; responses to his complaints were late; he was not kept informed about the investigation of a sexual assault committed against him; his housing assignment is incorrect; he is being discriminated against; Muslims are not allowed to pray together; he was denied pastoral care and a phone call after the death of a family member; he was yelled at and not given respect; he was the subject of an illegal search and seizure; his religious dietary needs are not being met; food was

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

taken from a meal for Muslim prisoners; he is forced to work even though he is a deportable alien; his legal papers were shredded; and he suffers cruel and unusual punishment due to the heat and lack of air conditioning. He seeks leave to proceed *in forma pauperis*. No process has been issued.

## II. THREE STRIKES

Because he is a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had three or more prisoner civil actions dismissed as frivolous or for failure to state a claim. *See Awan v. Ashcroft*, No. 2:09-CV-1653, 2010 WL 3924849 (E.D. N.Y., Sept. 28, 2010); *Awan v. Ashcroft*, No. 10-4703 (2d Cir. June 23, 2011); *Awan v. Lapin*, No. 2:09-CV-126, 2010 WL 963916 (E.D. N.Y., Mar. 30, 2010).

A.  *Awan v. Ashcroft* **- Dismissal of Complaint**

In *Awan v. Ashcroft*, 2010 WL 3924849, Plaintiff alleged several defendants committed civil rights violations in connection with his arrest and criminal prosecution. His claim against a non-government defendant was dismissed because the defendant was not the record owner of real property and therefore could not have engaged in the alleged conduct. *Id*. at *2. His claims against the government defendants were dismissed because they were barred by the statute of limitations. *Id*. at *2-3. He sought to amend his complaint to allege the correct owner of the property, but he was

2

denied leave to amend because that claim was also time-barred. *Id*. at *4.

When an action is dismissed as time-barred, the action is frivolous. *See Johnson v. Cowthorn*, 647 F. App'x 308 (5th Cir. 2016) (dismissal of case as time-barred, and therefore frivolous, counted as a strike under § 1915(g)); *Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010) (same); *Shelton v. City of Midland*, 217 F. App'x 367, 367-68 (5th Cir. 2007) (same); *see also Fairley v. McGee*, No. 2:11-CV-257, 2012 WL 293041 at *1 ("[i]t is well settled that when a Complaint is barred by the applicable statute of limitations, such claims are properly dismissed as legally frivolous, under § 1915"). The dismissal of *Awan v. Ashcroft* as time-barred counts as a strike.

**B.**     *Awan v. Ashcroft* **- Dismissal of Appeal**

In *Awan v. Ashcroft*, No. 10-4703, Plaintiff's appeal of the district court's dismissal of his complaint in *Awan v. Ashcroft*, 2010 WL 3924849, was dismissed "because it lack[ed] an arguable basis in law or fact." *Awan v. Ashcroft*, No. 10-4703 (citing "28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact)").

An action that lacks an arguable basis in law of fact is frivolous. *Neitzke v. Williams*, 490 U.S. at 325. An appeal that is frivolous shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i). In accordance with *Neitzke* and § 1915(e)(2)(B)(i), the appeal in *Awan v. Ashcroft* was dismissed as frivolous, and it counts as a strike under § 1915(g).

**C.**     *Awan v. Lapin* **- Dismissal of Complaint**

In *Awan v. Lapin*, 2010 WL 963916, Plaintiff raised several claims against prison officials about his confinement in prison. Almost all of Plaintiff's equal protection claims were dismissed

3

because he did not allege that the defendants had a discriminatory intent. *Id*. at *7. Those claims were dismissed for failure to state a claim. Another equal protection claim regarding one defendant was dismissed as unexhausted. *Id*. at *8. Another equal protection claim was dismissed because summary judgment evidence showed that there was no fact issue regarding discriminatory intent. *Id*. at *7. Almost all of his due process claims were dismissed as unexhausted. *Id*. at *9. One due process claim was dismissed because summary judgment evidence showed that he received due process. *Id*. His claims regarding the conditions of confinement were dismissed because, as a matter of law, his allegations did not show a constitutional violation. *Id*. at *10. Those claims were dismissed for failure to state a claim. One of his claims of deliberate indifference to a serious medical condition was dismissed because summary judgment evidence showed that there was no Eighth Amendment violation. *Id*. Other claims regarding medical treatment were dismissed because Plaintiff conceded that those claims did not implicate the Fifth Amendment. Those claims were dismissed for failure to state a claim. Plaintiff's claims of denial of access to courts were dismissed, because he did not allege facts that showed that he was prejudiced. *Id*. at *10-11. Those claims failed to state a claim. A claim regarding a prison transfer was dismissed because summary judgment evidence showed that there was no fact issue. *Id*. at *11.

"The Fifth Circuit has held that partial dismissals of claims as frivolous, even if the remainder of the claims are dismissed on other grounds, can and do count as strikes." *McClure v. Livingston*, No. 5:12CV56, 2012 WL 969610 (E.D. Tex., Sept. 4, 2010) (citing *Comeaux v. Cockrell*, 72 F. App'x 54 (5th Cir. 2003)), *rec. adopted*, 2012 WL 5987408 (E.D. Tex, Nov. 29, 2010); *see also Dean v. Merchant*, 653 F. App'x 839, 840 (5th Cir. 2016) (dismissal of complaint in part as frivolous and for failure counted as a strike); *Taylor v. Swift*, 618 F. App'x 228, 228-29

(5th Cir. 2015) (dismissal of complaint, where some claims were dismissed as frivolous and other claims were dismissed on summary judgment, counted as a strike); *Clay v. Stephens*, 597 F. App'x 261, 262 (5th Cir. 2015) (plaintiff was three-strikes barred because prior cases were dismissed "in full or in part" as frivolous or for failure to state a claim); *Allen v. Lyles*, 561 F. App'x 419 (5th Cir. 2014) (dismissal of complaint in part for failure to state a claim counted as a strike); *Thornton v. Merchant*, 526 F. App'x 385, 387-88 (5th Cir. 2013) (where district court granted summary judgment on one claim and dismissed other claims as frivolous or for failure to state a claim, the partial dismissal as frivolous or for failure to state a claim counted as a strike).

A dismissal of a complaint for failure to state a claim, predicated on a failure to exhaust, counts as a strike under § 1915(g). *Emmett v. Ebner*, 423 F. App'x 492, 493-94 (5th Cir. 2011); *Wilkerson v. Francis*, No. 9:11CV4, 2012 WL 6096987 (E.D. Tex., Dec. 6, 2012) (dismissal on summary judgment evidence for failure to exhaust was a dismissal for failure to state a claim and counted as a strike).

The dismissal in *Awan v. Lapin* counts as a strike, because the compliant was dismissed in part for failure to state a claim and for failure to exhaust, which was also a failure to state a claim.

D.  **Imminent Danger of Serious Physical Injury**

Under § 1915(g), Plaintiff may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. He must show imminent danger at the time that he filed his complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir.1998). To constitute imminent danger, "the threat or prison condition must be real and proximate." *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Valdez v. Bush*, No. 3:08–CV–1481, 2008 WL 4710808 at *1 (N.D. Tex., Oct.24,

5

2008). "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id*. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id*.

Plaintiff claims that he was the victim of a sexual assault, but he has not allege specific facts that show that he is in imminent danger of serious physical injury from a future sexual assault. *See King v. Livingston*, 212 F. App'x 260, 262 (5th Cir. 2006) (plaintiff's allegation that he had been assaulted was insufficient to avoid the three-strikes bar). He also claims that he is subjected to dangerous heat conditions during the summer months. (*See* doc. 4 at 28.) He asserts that he suffers from medical problems that substantially affect him in the heat. (*See id*.) He contends that his medical condition is substantially degraded in the heat. (*See id*.) He claims that he was subjected to heat conditions that could have severely injured him or caused death. Although Plaintiff alleges generally that his medical condition is affected by the heat, he has not specifically alleged how the summer heat conditions place him in imminent danger of serious physical injury. Plaintiff has not alleged specific facts that show that he was in imminent danger of serious physical injury due to the heat conditions at the time he filed his complaint in January. *See McGrew v. La. State Pen. Mental Health Dept.*, 459 F. App'x 370 (5th Cir. 2012) (plaintiff's allegation in his complaint, that he was in imminent danger of serious physical injury due to exposure to extreme heat, did not show he was in imminent danger of serious physical injury at the time he sought leave to proceed *in forma pauperis* on appeal).

Plaintiff has not made specific allegations that show that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be **DENIED**, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400 filing fee[2] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 19th day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account, and the $50 administrative fee will not be deducted. *See id.* Because Plaintiff has not been granted leave to proceed *in forma pauperis*, he must pay the full $400 filing fee.