IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KHALID AWAN,<br>    ID # 50959-956,<br>        Plaintiff,<br>vs.<br><br>WARDEN D.J. HARMON, et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>No. 3:17-CV-130-C (BH)<br><br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is the plaintiff's *Petition for a Grant of a Certificate of Appealability,* filed April 4, 2017 (doc. 12). The motion indicates he wishes to exercise his appellate rights, requests a certificate of appealability, and requests a stay pending an appeal. The motion is also construed as a notice of appeal and a motion for a stay pending appeal. Based on the relevant filings and applicable law, the motion for a certificate of appealability should be **DENIED** as unnecessary and the motion to stay should be **DENIED**.

Khalid Awan (Plaintiff) Khalid Awan (Plaintiff), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), filed a civil rights complaint against prison officials and sought to proceed *in forma pauperis* (IFP). (Docs. 3, 4, 5.) His motion to proceed IFP was denied under the "three-strikes" provision in § 1915(g) because he had three or more prisoner civil actions or appeals dismissed as frivolous or for failure to state a claim, and he was ordered to pay the filing fee or his case would be dismissed. (Doc. 11.)

Plaintiff seeks a certificate of appealability to appeal the order denying leave to proceed IFP. A certificate of appealability is not necessary for an appeal in a 42 U.S.C. § 1983 civil rights case. *See Madis v. Edwards*, 347 F. App'x 106, 107 (5th Cir. 2009). The motion for a certificate of

appealability should be denied as unnecessary.

Plaintiff also seeks a stay of this case pending an appeal of the order denying leave to proceed IFP. When a party seeks a discretionary stay pending an interlocutory appeal, the court considers (1) whether the applicant for a stay has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether the public interest favors a stay. *See Weingarten Realty Investors v. Miller,* 661 F.3d 904, 910 (5th Cir. 2011).

Plaintiff has not made a strong showing that he is likely to succeed on the merits. Nor has he shown that the other factors weigh in favor of a stay. His motion to stay should be denied.

### III.  RECOMMENDATION

Plaintiff's motion for a certificate of appealability should be **DENIED** as unnecessary. His motion to stay should be **DENIED**.

**SIGNED** this 5th day of April, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).