IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KHALID AWAN, ) | |
|    ID # 50959-956, ) | |
|       Plaintiff, ) | |
| vs. ) | No. 3:17-CV-130-C (BH) |
| ) | |
| WARDEN D.J. HARMON, et al., ) | |
|       Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

### I. BACKGROUND

On January 12, 2016, Khalid Awan (Plaintiff), a federal prisoner, filed a civil rights complaint against prison officials. (docs. 3, 4 at 1-8.)[1] He sought and was denied leave to proceed *in forma pauperis* (IFP) under the three-strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, and his case was dismissed on May 1, 2017. (*See* docs. 6, 11, 18.) After the case was dismissed, the Fifth Circuit Court of Appeals held that a strike did not issue unless all claims were dismissed as frivolous, malicious, or failed to state a claim, so it vacated the dismissal of Plaintiff's complaint and remanded the case. (*See* doc. 22.) After remand, Plaintiff was ordered on May 9, 2018, to file an updated IFP motion. (*See* doc. 24.) He sought an extension of time to file an updated IFP motion because he had been released from custody. (*See* doc. 28.) Because he was no longer in custody, on August 22, 2018, he was ordered to pay the remainder of the full filing

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

fee within twenty-one days. (*See* doc. 30.)² The order also specifically warned that failure to timely pay the remainder of the filing fee would result in a recommendation that the case be dismissed. (*Id.*) More than twenty-one days have passed, but the plaintiff has not paid the fee or filed anything else in this case.

## II. PRISON LITIGATION REFORM ACT

Because he filed this action while a prisoner, the plaintiff was subject to the Prison Litigation Reform Act (PLRA). The PLRA provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).³ Under the PLRA, prisoners may not file an action or an appeal without prepayment of the filing fee in some form. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (citing § 1915(b)(2)). A prisoner who is granted leave to proceed IFP must still pay the filing fee. If leave to proceed IFP is granted, the court assesses and collects an initial partial filing fee from the custodial institution, which will subsequently withdraw funds from the prisoner's inmate trust account and forward those funds to the Court in installments. *Id.* at § 1915(b)(1) and (2); *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). The provision that allows for payment of the filing fee in installments only applies while the prisoner remains in custody. *See* 28 U.S.C. § 1915(b)(2). Where the prisoner is no longer in custody, withdrawal of funds from his inmate trust account to pay the fee in installments is no longer an option. *Mabry v. TDCJ*, No. 4:10CV520, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 23,

---

² As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

³ This fee provision was designed to deter frivolous prisoner litigation through liability for filing fees. *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997).

2013). Nevertheless, a prisoner who brings an action remains subject to the provisions of the PLRA requiring full payment of the filing fee, even if he is subsequently released from custody. *See Gay*, 117 F.3d at 242.[4]

Here, the plaintiff filed this action while he was in custody. Because he was subsequently released, he was required to pay the remainder of the full filing fee by the PLRA. *See* 28 U.S.C. § 1915(b)(1).

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

By order dated August 22, 2018, the plaintiff was given twenty-one days to pay the filing fee and specifically warned that failure to do so would result in a recommendation that the case be dismissed. (doc. 30.) He has failed to pay the fee or file anything else in the case. Because he failed to comply with an order that he pay the remainder of the filing fee as required by the PLRA, his case should be dismissed. *Griffin v. Flores*, No. 3:17-CV-198-G-BH, 2017 WL 6466615, at *2 (N.D. Tex. Nov. 27, 2017) (dismissing prisoner lawsuit under Rule 41(b) for failure to pay the remainder of the filing fee after his release from prison), *adopted by*, 2017 WL 6447237 (N.D. Tex. Dec. 18, 2017); *Mabry*, 2013 WL 4522684, at *1 (same); *Kohoutek v. Dallas Cty. Sheriff's Dept.*,

---

[4] The Fifth Circuit has upheld the constitutionality of the PLRA and its fee provisions. *See Miller v. Harris County, Texas*, No. 10-20047, 2010 WL 3824231, *2 (5th Cir. Sept. 23, 2010) (per curiam); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

No. 3:10-CV-1780-B, 2010 WL 4721347 (N.D. Tex. Oct. 29, 2010) (same), *adopted by*, 2010 WL 4721350 (N.D. Tex. Nov. 19, 2010).

## IV. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff pays the remainder of the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 19th day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE